ENGLISH VS ANDREWS.

*As to suits abated in the Supreme Court.*

1. Where the death of a plaintiff in error is suggested, and no personal representative afterward appears, the suit will be abated:—but judgment can not, in such case, be rendered against the sureties to the writ of error bond.

*Porter*, of counsel for the defendant in error, moved to abate this suit, and asked for judgment of affirmance against the sureties to the writ of error bond. And he shewed, by the minutes of Court, that at the last term, the death of the plaintiff in error, had been suggested; and that no personal representative had appeared.

GOLDTHWAITE, J.—The death of the plaintiff in error was suggested at the last term of this Court, and no personal representatives have made themselves parties to the suit.

It is now moved by the defendant in error to abate the suit, and to render judgment against the securities on the writ of error bond.

The suit must be abated on the authority of the case of *Evans vs Boggs et al.** but the Court does not think that it is authorised to render a judgment against the securities on the writ of error bond.  *Minor's R 354.

The act of eighteen hundred and fifteen,† provides, "that in case of dismission or discontinuance of the cause, the Supreme Court shall render judg-  †Aik. Dig. 255.

ment against the principal and security." And the act of eighteen hundred and twenty-six,* provides for cases of *affirmance*, and for cases in which judgments shall be rendered *against the plaintiffs in error*.

*Aik. Dig. 258.

The case of an *abatement* of a suit does not seem to be provided for, by either of these statutes. The latter part of the motion is consequently denied.